# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CRAYTONIA BADGER,**
**ADC #162710**                                                                                **PETITIONER**

**V.**                      **CASE NO. 2:20-CV-217-BSM-BD**

**BUREAU OF PRISONS**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Badger may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Badger does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

Mr. Badger has been charged and sentenced with both state and federal crimes.[1] On January 25, 2017, he received a sentence of 63 months' imprisonment in the federal

---

[1] Mr. Badger's procedural history is outlined in more detail in a recommended disposition written by United States Magistrate Judge Jerome T. Kearney in a previously dismissed habeas case. See *Craytonia Badger v. Bureau of Prisons*, Case No. 2:19-CV-140-DPM, Doc. No. 9 at pp.3-6. What follows is a summary of those facts.

Bureau of Prisons (BOP) while he was still in the custody of the Arkansas Department of Correction (ADC) serving a 15-year sentence for state convictions. The sentencing court, the United States District Court for the Northern District of Mississippi, indicated that Mr. Badger's federal sentence was to run consecutively to any state sentence he was currently serving.

On February 22, 2018, Mr. Badger completed his state sentences for two of his Arkansas state convictions. He remained in ADC custody, however, because he still had pending charges in a separate Arkansas state case, as well as a 7-year sentence for a Mississippi state conviction that was not credited for his time served in the ADC. On November 28, 2018, Mr. Badger was convicted and sentenced to 60 years' imprisonment in the ADC on his remaining Arkansas state charges.

On November 8, 2019, Mr. Badger filed a *pro se* federal petition for writ of habeas corpus claiming that the BOP failed to credit his federal sentence from February 22, 2018 until November 28, 2018. See *Craytonia Badger v. Bureau of Prisons*, Case No. 2:19-CV-140-DPM, Doc. No. 1. Additionally, Mr. Badger asserted that federal authorities should have taken primary custody over him on February 22, 2018, and that the failure to do so improperly lengthened the time of his incarceration. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 8.

On March 5, 2020, Judge Kearney recommended that Mr. Badger's habeas petition be dismissed without prejudice, because his claims regarding his federal sentence were premature as long as he remained in state custody. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 9. Chief Judge D. Price Marshall adopted Judge Kearney's

recommendation on April 14, 2020, and dismissed Mr. Badger's case, without prejudice. *Badger*, Case No. 2:19-CV-140-DPM, Doc. No. 10. Chief Judge Marshall noted in his Order that, after Mr. Badger enters BOP custody, his federal sentence will be calculated; if Mr. Badger disagrees with the calculation once it is made, he may exhaust his administrative remedies and re-file a petition for a writ of habeas corpus in the appropriate court. *Id.*

On October 30, 2020, Mr. Badger filed another *pro se* petition for writ of habeas corpus in this Court, raising the same issues that were addressed in his November 8, 2019 petition. (Doc. No. 1)

### III. Discussion:

Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases.

When Mr. Badger filed this petition on October 30, 2020, he was still in ADC custody. He has not yet entered into BOP custody, as he confirms in his petition. (Doc. No. 1 at p.12) Therefore, pursuant to Chief Judge Marshall's April 14, 2020 Order issued in Mr. Badger's previous habeas case, Mr. Badger's claims remain premature; and his petition should be summarily dismissed, without prejudice.

### IV. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the

United States District Courts. The Court can issue a certificate of appealability only if Mr. Badger has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Badger has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**V.      Conclusion:**

The Court recommends that Judge Miller DENY and DISMISS Craytonia Badger's petition for writ of habeas corpus (Doc. No. 1), without prejudice. Furthermore, Judge Miller should deny a certificate of appealability.

DATED this 3rd day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

4