IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CRAYTONIA BADGER**                                                                              **PLAINTIFF**

v.                                    **CASE NO. 2:20-CV-00217-BSM**

**BUREAU OF PRISONS**                                                                         **DEFENDANT**

## ORDER

United States Magistrate Judge Beth Deere's recommended disposition [Doc. No. 2] is adopted, and therefore Craytonia Badger's petition for a writ of habeus corpus is denied. Because Badger has not yet entered into BOP custody, his claims that the Bureau of Prisons (BOP) failed to credit his federal sentence from February 22, 2018 until November 28, 2018 are premature. *See* Craytonia Badger v. Bureau of Prisons, Case No. 2:19-CV-140-DPM, Doc. No. 10. A certificate of appealability will not issue.

Badger objects to Judge Deere's recommended disposition, arguing that the Arkansas Department of Corrections (ADC) relinquished its jurisdiction over him when he was paroled on February 22, 2018 and that the federal government assumed primary jurisdiction over him. Badger contends that the BOP had an obligation to take him into custody once he was paroled. Badger's argument fails for two reasons. First, prisoners have no right to contest issues of jurisdiction and custody involving multiple sovereigns. *Tavarez v. United States Attorney General*, 668 F.2d 805, 809 (5th Cir. 1982) ("[t]he question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner"). Given his state prison sentence in Mississippi and the pending charges he faced

in Arkansas, the BOP properly exercised it discretion in declining to take Badger into custody. *See Derengowski v. U.S. Marshal*, 377 F.2d 223, 224 (8th Cir. 1967). Second, as 18 U.S.C. section 3585(a) provides, a sentence of imprisonment only commences on the date that the federal government has primary jurisdiction over a defendant and has physical custody of that defendant. *See, e.g., Johnson v. Gill*, 883 F.3d 756, 764 (9th Cir. 2018). Even if the federal government had primary jurisdiction over Badger once he was paroled, Badger was never taken into physical custody and therefore his claims are not permitted to proceed at this time.

    IT IS SO ORDERED, this 30th day of December, 2020.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE